NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
CAROLYN S. SMALL (Cal Bar No. 304938)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/2041
    Facsimile: (213) 894-0141
    E-mail:   ian.yanniello@usdoj.gov
              carolyn.small@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-416-GW-2 |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT MARTIN VALLE MARTINEZ'S RULE 11 PLEA |
| v. | |
| MARTIN VALLE MARTINEZ, | Hearing Date: August 13, 2018 |
| Defendant. | Hearing Time: 8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Carolyn S. Small and Ian V. Yanniello, and defendant MARTIN VALLE MARTINEZ ("defendant"), by and through his counsel of record, Anthony Eaglin, hereby submit this joint statement regarding defendant's Rule 11 plea.

## GUILTY PLEAS

1. Defendant is pleading guilty to Counts One through Four of the indictment in United States v. Martin Valle Martinez, CR No. 17-416-GW-2, which charge defendant with possession of five or more

identification documents in violation of Section 1028(a)(3) of Title 18 of the United States Code (Count One), possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count Two), aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three), and possession of stolen mail, in violation of 18 U.S.C. § 1708 (Count Four).

## NATURE OF THE OFFENSES

2. In order for defendant to be guilty of the crime charged in Count One, that is, possession of five or more identification documents in violation of Section 1028(a)(3) of Title 18 of the United States Code, the following must be true: (1) the defendant knowingly possessed five or more identification documents; (2) the defendant intended to use or transfer unlawfully those identification documents; and (3) the identification document was or appeared to be issued by or under the authority of the United States, or the possession of the identification document was in or affected commerce between one state and another state, or between a state of the United States and a foreign country.

3. In order for defendant to be guilty of the crime charged in Count Two, that is, possession of 15 or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3), the following must be true: (1) defendant knowingly possessed at least 15 unauthorized access devices at the same time; (2) defendant knew that the devices were unauthorized; (3) defendant acted with the intent to defraud; and (4) defendant's conduct affected commerce between one state and another state, or between a state of the United States and a foreign country.

4. In order for defendant to be guilty of the crime charged in Count Three, that is, aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1), the following must be true: (1) defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person; (2) defendant knew that the means of identification belonged to a real person; and (3) defendant did so during and in relation to the unlawful possession of 15 or more unauthorized access devices, as charged in count two of the indictment.

5. In order for defendant to be guilty of the crime charged in Count Four, that is, possession of stolen mail in violation of Title 18, United States Code, Section 1708, the following must be true: (1) mail was stolen from an authorized depository for mail matter; (2) defendant possessed the mail; and (3) defendant knew that the mail was stolen.

## PENALTIES

6. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028(a)(3), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(3), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1708, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 22 years' imprisonment; a three-year period of supervised release[1]; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $400.

11. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A, as charged in Count Two of the indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

12. Supervised release is a period of time following imprisonment during which defendant will be subject to various

---

[1] There is case law suggesting that the term of supervised release on Count Three could be imposed to run consecutively to the terms of supervised release on the other counts. If the Court were to impose a consecutive term of supervised release, the maximum term of supervised release for all of the counts of conviction would be four years, rather than three years as stated in the text above.

4

restrictions and requirements. If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. The convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14. If defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

FACTUAL BASIS

15. If this case were to proceed to trial, the government would be prepared to prove the following facts beyond a reasonable doubt:

On or about December 13, 2016, defendant and co-defendant Dawn Rodriguez (collectively, "defendants"), each aiding and abetting the other, knowingly possessed at least nine identification documents with the intent to use or transfer them unlawfully. These identification documents included four social security cards, four driver's licenses, and an identification card, all of which belonged to persons other than defendants. The four social security cards were issued by or under the authority of the United States, and the possession of the other identification documents affected commerce between one state and another state.

Defendants, each aiding and abetting the other, also knowingly possessed more than 15 but not less than 42 unauthorized access devices. At that time, defendant knew that the access devices were unauthorized and possessed them with the intent to defraud. Defendant's possession of these unauthorized access devices affected interstate commerce.

During and in relation to defendant's unlawful possession of the unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3), as charged in count two of the indictment, defendant also knowingly possessed without legal authority means of identification belonging to other persons, including the names of credit and debit card account holders. Defendant knew that these means of identification belonged to real persons.

On that day, defendants, each aiding and abetting the other, also possessed approximately 207 pieces of mail matter that had been

stolen from a mail receptacle or authorized depository for mail matter, and defendants knew that the mail had been stolen. Additionally, defendant knowingly possessed on his person two postal service arrow keys.

Earlier that same day, defendants, each aiding and abetting the other, used an unauthorized or counterfeit Suntrust Bank debit card and corresponding PIN number to withdraw $402.95 from an ATM located inside a 7-Eleven store in Arcadia, California, within the Central District of California. The Suntrust Bank debit card was in the name of E.B., who did not know either defendant and did not have a Suntrust Bank debit card.

## SENTENCING FACTORS

16. In determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory only. Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range. After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.
    b. The right to a speedy and public trial by jury.

1  c. The right to be represented by counsel -- and if
2 necessary have the Court appoint counsel -- at trial. However,
3 defendant retains the right to be represented by counsel -- and if
4 necessary have the Court appoint counsel -- at every other stage of
5 the proceeding.
6  d. The right to be presumed innocent and to have the
7 burden of proof placed on the government to prove defendant guilty
8 beyond a reasonable doubt.
9  e. The right to confront and cross-examine witnesses
10 against defendant.
11  f. The right to testify and to present evidence in
12 opposition to the charges, including the right to compel the
13 attendance of witnesses to testify.
14  g. The right not to be compelled to testify, and, if
15 defendant chose not to testify or present evidence, to have that
16 choice not be used against defendant.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: August 12, 2018          Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                         /s/
                                        CAROLYN S. SMALL
                                        IAN V. YANNIELLO
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA


Dated: August 12, 2018          /s/ (via e-mail authorization)
                                        ANTHONY EAGLIN, ESQ.
                                        Attorney for Defendant
                                        MARTIN VALLE MARTINEZ