ANTHONY EAGLIN (No. 148012)
(E-mail: eaglinlaw@gmail.com)
Attorney at Law
One Wilshire Building
624 S. Grand Ave., 22nd Floor
Los Angeles, California 90017
Telephone (213) 629-8734
Facsimile (213) 629-8735

Attorney for Defendant
MARTIN VALLE-MARTINEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN VALLE-MARTINEZ,<br><br>Defendant. | NO. CR 17-416-GW-2<br><br>DEFENDANT'S OBJECTION TO THE GUIDELINE PRESENTENCE REPORT; EXHIBITS<br><br>Date: November 26, 2018<br>Time: 8:30 a.m. |

Defendant, Martin Valle-Martinez, by and through his counsel of record Anthony Eaglin, hereby submits defendant's objection to the guideline presentence report.

Respectfully submitted,

DATED: October 29, 2018    By_____*/s/ Anthony Eaglin*_____
                              ANTHONY EAGLIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## Introduction

On August 13, 2018, Martin Valle-Martinez, pleaded guilty to Counts 1, 2, 3, and 4 of the four-count Indictment in which he is named along with co-defendant Dawn Rodriguez. Count One of the indictment charges that on December 13, 2016, Valle-Martinez and Rodriguez, each aiding and abetting the other, possessed with intent to use or transfer at least five identification documents in violation of 18 U.S.C. § 1028 (a)(3) and 2(a).

Count Two of the indictment charges that on December 13, 2016, Valle-Martinez and Rodriguez, each aiding and abetting the other, possessed 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029 (a)(3) and 2(a).

Count Three of the indictment charges that on December 13, 2016, Valle-Martinez and Rodriguez, each aiding and abetting the other, aggravated identity theft in violation of 18 U.S.C. § 1028A (a)(1) and 2(a).

Count Four of the indictment charges that on December 13, 2016, Valle-Martinez and Rodriguez, each aiding and abetting the other, possessed stolen mail, in violation of 18 U.S.C. § 1708 and 2(a).

Mr. Valle-Martinez entered open pleas of guilty to all counts without the benefit of a plea agreement. In doing so the parties did not agree to any sentencing factors.

The Guideline Presentence Report (PSR) was prepared and disclosed on September 11, 2018. The PSR found a total offense level of 18, Criminal History Category III, for a sentencing range of 33 to 41 months.

Mr. Valle-Martinez objects to certain guideline applications. In particular, Mr. Valle-Martinez

objects to the following: **1)** the two level enhancement for an authentication feature pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii); and **2)** the lack of a mitigation role adjustment for minor role pursuant to USSG § 3B1.2..

Mr. Valle -Martinez contends that the appropriate offense level should be 14, and with a criminal history category III, results in a guideline range of 21 to 27 months.

Moreover, the appropriate sentence under the circumstances of this case, and after a consideration of all the 18 U.S.C. § 3553 (a) factors, notwithstanding the advisory guidelines sentencing range will be addressed in Defendant's Position re Sentencing Factors to be filed later.

## II.
## Background Facts[1]

On December 9, 2016, Dawn Rodriguez checked into The Santa Anita Inn in Arcadia, California as the sole occupant with all of her luggage and personal belongings where she remained as an occupant for 4 days. While at the Santa Anita Inn she entertained guests that brought drugs and stolen mail to the room. Rodriguez and her guests engaged in the consumption of drugs and the guests left stolen mail behind after departing the room. Martine Valle-Martinez was also a guest at Rodriguez's room.

On December 13, 2018, at 12:00 p.m., Rodriguez was scheduled to check out of the Santa Anita Inn. Prior to checking out of the hotel room, all guests except Valle-Martinez had left the room. At approximately 11:00 a.m. outside of the hotel room Valle-Martinez and Rodriguez were detained by law enforcement officers. A subsequent search of Valle-Martinez's person resulted in the seizure of 2 phones and a postal arrow key. He did not possess a key to the hotel room, possessed no personal

---

[1] Background facts are obtained from Discovery materials produced by the government.

3

items therein, and possessed no other contraband on his person or his phone.

A subsequent search of Rodriguez's person and the hotel room resulted in the seizure of multiple pieces of stolen mail, multiple identification documents , and multiple unauthorized access devices.

### III. Defendant's Position

#### A. Factual Objections

On Page 2 of the PSR, the cover page with identifying data lists defendant's Immigration Status as "Illegal Alien." This information is incorrect. Paragraph 58 correctly notes defendant's status as a Permanent Resident.

Paragraph 65 lists defendant's children and their ages. A third child, Jacqueline Valle, age 6 has been omitted.

Mr. Valle-Martinez requests that the PSR be modified to correct inaccurate data and include omitted data as noted above.

#### B. An Enhancement for Possession of an Authenticating Feature is Unwarranted

Guideline §2B1.1(b)(11)(A)(ii) allows for a 2 level enhancement for "the possession or use of any means of an authentication feature." In support of its application the PSR states,

> This case involves four California driver's Licenses which bore the seal of the State of California. The seal of the State of California is considered an authentication feature under 18 USC 1029(d)(1). Thus, pursuant to USSG 2B1.1(b)(11)(A(ii), a two-level increase applies..

PSR at 31. However, when there is a conviction for Aggravated Identity Theft in addition to an underlying offense, such an enhancement does not apply.

4

18 U.S.C. § 2B1.6, the guideline for Aggravated Identity Theft, specifically preclude Chapter Three and Chapter Four adjustments. It also precludes certain Chapter two adjustments. Application Note 2 provides as follows:

> **Inapplicability of Chapter Two Enhancement**. - - If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction including any such enhancement that would apply based on conduct for which the defendant is accountable under 1B1.3 (Relevant Conduct). "Means of Identification" has the meaning given that term in 18 U.S.C. §1028(d)(7).

The Chapter Two Guideline, §2B1.1(b)(11) which allows for a 2 level enhancement for "the possession or use of any means of an authentication feature" also applies for the possession or use of a means of identification, which is specifically precluded if a defendant is also sentenced for an Aggravated Identity Theft offense.. Moreover, the California driver's license is precisely the means of identification which §2 B1.6 precludes an enhancement for. This preclusion is required whether or not the means of identification has an authentication feature.

Accordingly, an enhancement for an authentication feature is unwarranted.

**C.     Defendant Should Receive a 2 Level Reduction For Minor Role**

Where the offense is committed by more than one criminally responsible participant, U.S.S.G. §§ 3B1.1 and 3B1.2 provide for a range of adjustments based on aggravating and mitigating roles. To qualify for an aggravating role adjustment, the defendant must have been the organizer, leader, manager, or supervisor of one or

5

more other participants.  To qualify for a mitigating role adjustment, the defendant must have played a part in committing the offense that makes him/her substantially less culpable than the average participant.

In this instance, there are only 2 defendants charged in a 4-count indictment. Each defendant is charged with aiding and abetting the other in all 4 counts.  Neither. Valle-Martinez nor Rodriguez is charged with individually committing any of the 4 counts in the indictment.  Rather they are charged under an aiding and abetting theory when in actuality it was co-defendant Rodriguez that possessed the stolen mail and access devices on her person, in her personal belongings, luggage, and hotel room where she was the only lawful guest and only person with a key to said room.

Moreover, just because there are only 2 defendants charged and convicted in the instant offense, does not mean there were not other criminally responsible participants.  Rodriguez readily admits that during the 4 days stay at the Santa Anita Inn, certain guests left stolen mail inside of the hotel room.  *See* Exhibit B, July 18, 2018 Statement of Dawn Rodriguez, filed under seal.  Rodriguez further admits that among the guests were "Nicole", "YG", "Little", and "Cavlito".  *See* Exhibit C, August 3, 2018 Statement of Dawn Rodriguez, filed under seal.  Subsequent to being a guest of Rodriguez, "Nicole" was indicted and convicted of possession of stolen mail.  See Exhibit D.  Aside from any other criminally responsible participants, Mr. Valle-Martinez is substantially less culpable than co-defendant Rodriguez.  Co-defendant Rodriguez should be characterized as an organizer, leader, manager, or supervisor of one or more other participants as she collaborated with others that stole mail and collected stolen mail from others.  In this instance there are those who stole mail and there were those who had the expertise of converting stolen mail into activated access devices.  Rodriguez readily admits that it was she who had that expertise. *See* Exhibit A, June 21, 2018 Statement of Dawn Rodriguez, filed under seal.   Mr. Valle-Martinez and others stole mail and provided same to Rodriguez. Rodriguez supervised the mail thefts, collected same, and converted same into

6

activated access devices. Co-defendant Rodriguez was the brains of the operation, whereas Valle-Matinez was the braun; he merely stole mail. As such Valle-Martinez and others who may have stolen mail are substantially less culpable than Rodriguez that supervised all those who may have stolen mail.

Mr. Valle-Martinez, although he may have benefitted therefrom, did not personally possess or utilize any of the access devices. All of the access devices were in the personal belongings of Rodriguez, either on her person or inside the hotel room she acquired with converted access devices.. Valle-Martinez was present with Rodriguez outside of the Hotel room at the time of his arrest. He was not a registered guest at the hotel; nor did he have a key to the room; nor were any of the access devices located inside any personal belongings of Valle-Martinez.

Here, Valle-Martinez was a mail thief, whereby co-defendant Rodriguez was the mastermind and identity thief of the charges laid out in the 4-count indictment. The offenses of conviction encompasses more than Valle Martinez's theft of mail. It encompasses the theft of mail of others, the storing and accumulation of access devices from past mail thefts, and the orchestrating of converting stolen mail into activated access devices. Guideline § 3B1.2. (b) provides for a two level decrease if a defendant was a minor participant in any criminal activity. Accordingly, an aggravating and minor role adjustments are appropriate. In this case Martin Valle-Martinez is deserving of the minor role adjustment.

Accordingly, the resulting guideline calculation should be as follows:

| | | |
|---|---|---|
| Base Offense Level | 6 | [U.S.S.G. § 2B1.1 (a) (2)] |
| Intended Loss (≥ $15,000) | +10 | [U.S.S.G. § 2B1.1 (b) (2) (A)] |
| More Than 10Victims | +2 | [U.S.S.G. § 2B1.1 (b) (2) (A)(I) |
| Minor Role | -2 | [U.S.S.G. § 3B1.2] |
| Acceptance of Responsibility | -2 | [U.S.S.G. § 3E1.1 (a)(b)] |

| | | |
|---|---|---|
| 1 | **Total Offense Level** | 14 |
| 2 | **Criminal History Category** | III |
| 3 | **Guideline Range** | 21 to 27 months |

## IV.
## Conclusion

For the foregoing reasons, it is respectfully requested that the Court find the following: 1) the factual inacuaracies in the report should be corrected; 2) an enhancement for authentication feature is unwarranted; and 3) an adjustment for minor role is appropriate.

It si finally requested that the Court find that the total offense level is 14, Criminal History Category III, for a sentencing range of 21 to 27 months.

Respectfully submitted,

DATED: October 29, 2018        By  */s/ Anthony Eaglin*
                                   ANTHONY EAGLIN